Gunteb, J.
Pending administration on the estate of G. G. Symes, appellee tendered for filing and classification judgment sought to be annulled in Sophie F. Symes, Administratrix, Plaintiff in Error, v. Henry C. Charpiot, as Assignee, Defendant in Error, decided at the present term of this court — ante, page 463.
To the filing and classification of the judgment appellant objected that the judgment was void for the same reason as urged in such case pending on error, that is, that the court rendering such judgment never acquired jurisdiction of the person of the defendant therein, Sophie F. Symes, administratrix, and offered to show the absence of such jurisdiction.
The trial court ruled against such contention by appellant on the ground that it was a collateral attack on such judgment, and declined to receive the evidence tendered.
The above case on error and the present case differ merely in this: In the former a complaint was filed in the district court to annul the judgment because the court never had jurisdiction of the person of the defendant therein. In the present case the administratrix as a defense to what was in effect a suit upon such judgment, that is, the application for its filing and classification as a valid judgment sought as matter of defense to show that such judgment was invalid because the court never acquired jurisdic *468 tion of the person of defendant therein. As stated above the county court declined to permit such defense on the ground that it was a collateral attack on such judgment. That it was not a collateral attack is at rest in this jurisdiction.
In Wilson v. Hawthorne, 14 Colo. 530, 533, 24 Pac. 548, an action was brought in the county court to recover the balance due upon a certain other judgment formerly rendered in the same court; the answer set up that the defendant in the action in which the judgment sued on was recovered had never been served with summons; had never appeared, and had never authorized counsel to appear for him. These allegations contradicted the record. The court held that a cross-complaint, based upon these facts, for annulment of the judgment stated a cause of action, and said: “Though the authorities are somewhat conflicting upon questions of this kind, we think that the better doctrine is that a judgment rendered without obtaining jurisdiction of the person may be impeached and set aside by a proceeding in equity for that purpose; that in such proceeding the recitals of the record will not be taken to import absolute verity; and also that an action brought upon a judgment pronounced without obtaining jurisdiction of the person of the defendant may be defeated by a proper answer, under a system of procedure allowing equitable defenses to be interposed in all civil actions. ’ ’
In Smith v. Morrill, 12 Colo. App. 233, 55 Pac. 824, judgment had been rendered against a defendant in the district court of one county, execution sued out thereon and placed in the hands of a sheriff of another county. A proceeding in equity was instituted in the last named county to enjoin further proceeding upon the judgment which was claimed to be void by reason of want of personal jurisdiction of defendant by the court rendering the judgment. It was held *469 that the proceeding was not a collateral attack and that it would lie.
We think that the defense tendered herein in the county court to the filing and classification of the claim should have been entertained.
Judgment reversed.